# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 3, 2021

Lyle W. Cayce
Clerk

No. 21-50486

Aric E. Lucas,

*Plaintiff—Appellant*,

*versus*

Jefferson Moore, *Judge of Bexar County 186th District Court*; Maria Salazar-Salinas; Richard Burch; Barbara Paulissen; Anna C. Amici,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:21-CV-93

Before Jones, Duncan, and Engelhardt, *Circuit Judges*.

Per Curiam:*

Aric E. Lucas, Texas prisoner # 1114823, moves for leave to proceed in forma pauperis (IFP) on appeal from the dismissal of his 42 U.S.C. § 1983 complaint with prejudice for failure to state a nonfrivolous claim. *See*

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-50486

28 U.S.C. §§ 1915(e)(2)(B)(i); 1915(e)(2)(B)(ii) & 1915A(b)(1).  By moving to proceed IFP, Lucas challenges the district court's certification that his appeal is not taken in good faith.  *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).  Our inquiry "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)."  *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citations omitted).

Lucas's brief contains no substantive arguments as to why his appeal is not frivolous, and he has therefore abandoned any such arguments.  *See Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993); *Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).  Because Lucas has failed to identify any issue of arguable merit, his motion to proceed IFP is DENIED, and his appeal is DISMISSED as frivolous.  *See Baugh*, 117 F.3d at 202 n.24; *Howard*, 707 F.2d at 220; *see also* 5TH CIR. R. 42.2.  His motion to amend the caption is also DENIED.

The district court's dismissal of Lucas's complaint and our dismissal of his appeal both count as strikes under 28 U.S.C. § 1915(g).  *See Coleman v. Tollefson*, 575 U.S. 532, 538-39 (2015); *Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996), *abrogated in part on other grounds by Coleman*, 575 U.S. at 537; *see also* § 1915(h).  Lucas is WARNED that, if he accumulates a third strike, he may not proceed IFP in any civil action or appeal while he is incarcerated or detained in any facility unless he is in imminent danger of serious physical injury.  *See* § 1915(g).